**TOWN OF SOUTH WHITLEY, WHITLEY COUNTY, INDIANA, Plaintiff–Appellant,**

v.

**CINCINNATI INSURANCE COMPANY, Defendant–Appellee.**

No. 89–3623.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 7, 1990.

Decided Dec. 26, 1990.

J. Frank Kimbrough, Wilks & Kimbrough, Fort Wayne, Ind., for plaintiff-appellant.

Thomas C. Ewing, James J. Shea, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, Ind., for defendant-appellee.

Before POSNER, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

The plaintiff, Town of South Whitley (South Whitley), sought declaratory relief in a diversity action against the defendant Cincinnati Insurance Company (CIC). South Whitley asked that CIC be required to indemnify South Whitley under the terms of an insurance contract for any judgment and costs imposed by a court in the event South Whitley was held liable in a pending age discrimination suit filed against it. The district court granted CIC's motion for summary judgment finding that the insurance contract denied coverage to South Whitley for actions alleging South Whitley's intentional discriminatory conduct. *Town of South Whitley v. Cincin-*

*nati Insurance Co.,* 724 F.Supp. 599 (N.D. Ind.1989). We affirm the judgment of the district court.

### I.

The parties do not dispute the district court's findings of facts. The plaintiff, the Town of South Whitley, is a governmental entity created under the laws of Indiana. South Whitley is governed by a Town Board of Trustees consisting of three elected officials, one of whom is chosen by the Board to function as the Town executive. The Board is the highest municipal authority in the Town, overseeing all the Town business including hiring and firing Town employees. The defendant, Cincinnati Insurance Company, having been incorporated under the laws of Ohio and having its principal place of business in Ohio, is a citizen of the state of Ohio.

Effective as of January 1, 1985, CIC issued to South Whitley a three-year "Commercial Umbrella Liability Policy" which provided different types of excess casualty coverage, under certain specified conditions, for its governmental operations. Under the policy, CIC agreed to cover South Whitley for damages relating to "personal injury, property damage or advertising liability" resulting from "unintentional occurrences." Exclusions written into the insurance contract include CIC's refusal to cover the costs or damages arising out of lawsuits alleging South Whitley's deliberate discriminatory conduct.[1]

---

1. The CIC insurance policy at issue contains the following pertinent provisions:

PART I—DEFINED WORDS AND PHRASES
A. **'You', 'your'** and **'yours'** mean a person or organization shown as the Named Insured in the declaration ...
G. **'occurrence'** means an accident, or a happening or event, or a continuous or repeated exposure to conditions which occurs during the policy period which unexpectedly or unintentionally results in **personal injury, property damage** or **advertising liability.** All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one **occurrence;** ...
H. **Personal Injury** means:
   (1) Bodily harm or injury, sickness, disease, disability, shock, fright, mental anguish or

mental injury including care, loss of services or death arising out of these; ...
   (3) Discrimination or humiliation; ...
K. **'ultimate net loss'** means the sum actually expended or payable in cash to procure settlement or satisfaction of the Insured's legal obligation for damages either by (1) final adjudication or (2) compromise with the written consent of the Company; ...
PART II—THE COVERAGE
A. We will pay
We will pay on behalf of the **Insured** the **ultimate net loss for occurrences** during the policy period in excess of the underlying **insurance** or for **occurrences** covered by this policy which are either excluded or not covered by underlying insurance because of **Personal Injury, Property Damage,** or **Advertising Liability** anywhere in the world.

In May 1986, South Whitley began an active search to hire a deputy town marshal. One applicant was Darol Eldridge, a part-time deputy marshal with South Whitley and a retired police officer and a 25-year veteran of the Fort Wayne, Indiana police department. After interviewing Eldridge and other applicants, South Whitley's three-person Town Board of Trustees decided not to hire Eldridge and instead selected a younger and allegedly less-qualified person for the position.

Eldridge filed a civil action in the United States District Court and named South Whitley, South Whitley's Marshal, and the three members of South Whitley's Board of Trustees as defendants. Eldridge, who was 54, claimed that he was the victim of intentional age-based discrimination, violative of his rights to due process and equal protection, and also violative of the Indiana Age Discrimination in Employment Act. South Whitley made a demand upon CIC pursuant to the policy to provide a defense and indemnification in the case brought by Eldridge. CIC refused. South Whitley filed a declaratory judgment complaint against CIC to compel coverage for the suit under the insurance policy. Later, after a brief discovery period, the parties cross-filed for summary judgment on the coverage question.[2]

The district court granted CIC's motion for summary judgment, concluding that the insurance contract did not provide South Whitley coverage for Eldridge's legal action. In approaching this issue, the district court examined two Indiana Code sections relating to the legal substance of local government. Indiana Code Section 36–5–2–2 states:

> The board of trustees elected under IC 3–10–6 or IC 3–10–7 is the town legislative body. The president of the board of trustees selected under section 7 of this chapter is the town executive.

In addition, Indiana Code § 36–5–2–9 provides that:

> The legislative body may:
>
> (1) adopt ordinances and resolutions for the performance of functions of the town;
>
> (2) purchase, hold, and convey any interest in property, for the use of the town; and
>
> (3) adopt and use a common seal.

The district court concluded from the foregoing: "[u]nder this statutory framework, the Town Board possesses all of the Town of South Whitley's legislative and executive powers. The Town of South Whitley can only act or make executive decisions through its Town Board. Therefore, the action of the Board in deciding not to hire Eldridge was the action of the Town of South Whitley.... Accordingly, Exclusion (h)(2) precludes coverage under CIC's umbrella liability policy issued to the Town of South Whitley." 724 F.Supp. at 604–605. South Whitley appeals the district court's determination that South Whitley and the Town Board are the same entity under

---

B. THIS POLICY DOES NOT APPLY—EXCLUSIONS

     \*    \*    \*    \*    \*    \*

(h) to any liability for **Personal Injury** arising out of discrimination including fines or penalties imposed by law, if (1) insurance coverage therefor is prohibited by law or statute, or (2) committed by or at **your** direction;
. . .
C. **OUR** DUTIES AND **YOURS** IN CLAIMS OR SUITS—DEFENSE, INVESTIGATION, SETTLEMENT, REIMBURSEMENT, ASSISTANCE AND COOPERATION
(a) With respect to such insurance as is afforded by this policy, if there is no underlying insurer obligated to do so, we shall have the right and duty to defend any suit against the **Insured** seeking damages on account of **personal injury, property damage** or **advertising**

liability, even if any of the allegations of the suit are groundless, false or fraudulent and **we** may make such investigation and settlement of any claim or suit as **we** deem expedient, but **we** shall not be obligated to defend any suit after the applicable limit of **our** liability has been exhausted.
D. WHO IS AN INSURED—PERSONS OR ORGANIZATIONS WE WILL COVER
Each of the following is an **Insured** under this policy to the extent set forth below;
(f) Any executive officer, director, other employee or stockholder of **yours** while acting within the scope of his duties as such.

2. The coverage question is limited to the policy's indemnity provision since CIC has agreed to provide a defense for the Town in the Eldridge case.

Indiana law and for purposes of the insurance policy.

## II.

Our standard for evaluating the grant of a summary judgment motion is well established. "In examining the district court's grant of summary judgment, our duty is to review *de novo* the record and the controlling law." *PPG Indus. v. Russell*, 887 F.2d 820, 823 (7th Cir.1989). Typically, our task is to "decide whether the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to the judgment as a matter of law." *Wolf v. Larson*, 897 F.2d 1409, 1411 (7th Cir.1990). The parties have no factual dispute; the only question presented by the parties is a legal one.

South Whitley claims coverage because Exclusion (h)(2) denies coverage under the policy "to any liability for *Personal Injury* arising out of discrimination ... committed by or at *your* direction; ...". Since "your" is defined in the policy to be the "named insured" which is the Town of South Whitley, the Town insists it is covered because the allegedly discriminatory conduct was the activity of the Town Board of Trustees and not that of the Town of South Whitley *per se*.

CIC claims that it is impossible to differentiate between acts of the Town of South Whitley and acts of the Town Board. As the legal repository of all the legislative and executive powers of the Town of South Whitley, CIC insists the Town Board is the exclusive mechanism by which South Whitley can do anything.

This appeal turns on the narrow question of whether a town board acts as a town and whether its activities are imputable to the town. The Indiana statutes relied upon by the district court establish a "town" as a legal entity intended to regulate local public affairs. We see no basis under these statutes to separate the existence of a "town" from its organizational structure and its activities. In our effort to determine the legal meaning of "town" under Indiana law within the context of a contract for insurance, we are guided by *Aet-na Life Ins. Co. v. Doerr*, 115 N.E. 700, 702 (Ind.1917). *Doerr* holds that in construing a policy of insurance, "every word ... should, when possible, have assigned to it some meaning...." See also *Gulf Insurance Co. v. Tilley*, 280 F.Supp. 60, 64 (N.D.Ind.1967). Clearly, Exclusion (h)(2) conceives of South Whitley exercising decisionmaking authority and implementing policy. Exclusion (h)(2) denies insurance coverage to South Whitley for actions resulting from deliberate discriminatory conduct. To separate the Town of South Whitley from the actions taken by its operative body would render Exclusion (h)(2) a nullity. A "town" divorced from its operating mechanisms (i.e. town board) could never *do* anything; and certainly it could never do anything to which Exclusion (h)(2) would apply. Such a result would conflict with the parties' purpose of including Exclusion (h)(2) in the insurance contract. Exclusion (h)(2) implies that South Whitley is able to illegally discriminate, and that CIC will not insure against such discriminatory acts. South Whitley's exclusive method of activity is through the Town Board. In order to give Exclusion (h)(2) any meaning, the acts of the Town Board must be considered acts of South Whitley.

South Whitley stresses that the policy itself recognizes that the insured (i.e. Town of South Whitley) is not the same entity as the Board of Trustees when it provides at Part II—THE COVERAGE, Section D.—WHO IS AN INSURED—PERSONS OR ORGANIZATIONS **WE** WILL COVER:

\*   \*   \*   \*   \*   \*

(f) Any executive officer, director, other employee or stockholder of **yours** while acting within the scope of his duties as such.

The existence of this distinction in the policy does not support the plaintiff's assertion. The coverage of "any executive officer, director, other employee" is intended to protect such persons from the unavoidable risk of suit in their individual capacities for their official acts. Such protection is similar to Directors and Officers insurance which indemnifies the corporate official for suits, brought against the corporate

director and/or officer in his individual capacity, arising out of his decisionmaking or executive activities. The provision above does not function to segregate liabilities between South Whitley and the Town Board on the basis of which entity had acted. The provision merely gives the town-functionary, here the individual members of the Town Board, an extra measure of protection against any personal exposure to the risk of suit.

We conclude that, under Indiana law, a Board of Trustees as constituted under Indiana Code Section 36–5–2–2 is the Town, and the activities of the Town Board pursuant to Indiana Code Section 36–5–2–9 are actions of the Town. South Whitley in this case is denied coverage under the policy to the extent that the alleged acts under the Eldridge suit assert intentional discriminatory acts committed by the Board of Trustees of South Whitley.

### III.

For the foregoing reasons, the district court's grant of summary judgment for the defendant CIC is affirmed.

AFFIRMED.