933 F.2d 1012
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorenzo TURNER, Plaintiff-Appellant,
v.
Paul KLINCAR, et al., Defendants-Appellees.
 No. 88-2588.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 8, 1991.*
Decided May 28, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-Appellant, Lorenzo Turner, appeals from the district court's entry of summary judgment in favor of the defendants on his claim filed pursuant to 42 U.S.C. Sec. 1983. Turner alleges that the Illinois Prisoner Review Board (Board) violated his due process and equal protection rights in its decisions to deny him parole. We affirm.
 
 I.
 
 2
 Turner is currently serving concurrent sentences of three to ten years for intimidation and 75 to 225 years for aggravated kidnapping at the Dixon Correctional Center. Turner has been in custody since April 1972 and is statutorily eligible for parole. In March 1981, Turner received his initial parole hearing before the Board. Turner was denied parole because his release "would deprecate the seriousness of the offense or promote disrespect for the law." His parole hearing was continued for a year. In January 1982, Turner had a second parole hearing and parole was again denied with the Board advancing the same reasoning for the denial.
 
 
 3
 In November 1982, a third parole hearing was held. Again parole was denied. The Board attached an addendum to the decision stating its rationale for the decision in greater detail. The Board encouraged Turner to continue his good adjustment in prison, however, it concluded that rehabilitation in an institutional setting should continue. In August 1983, the Board denied parole for a fourth time. The Board noted that Turner's adjustment in prison had been good and that his parole plans were well thought out. Nonetheless, the Board concluded that further incarceration was warranted to ensure that Turner could conform to parole restrictions and life in a free society. The Board specifically expressed concern over the length of Turner's sentence and the seriousness of the crime for which he was convicted.
 
 
 4
 In July 1984, Turner's parole hearing was continued to an en banc proceeding. Later on in that month, the full Board held the parole hearing and denied parole on the basis of the very serious nature of Turner's crime, while acknowledging his satisfactory institutional adjustment and work performance.
 
 
 5
 In October 1984, Turner filed his Sec. 1983 action in the district court alleging due process and equal protection claims relating to the denial of parole. Specifically, Turner alleged that his due process rights were violated because the Board failed to consider "essential facts," improperly weighted the seriousness of his offense in making his parole determination, and failed to provide a sufficient statement of reasons for the denial of his parole. Turner's equal protection claim alleges that his race and the race of his victim were the primary reasons that he was denied parole. That is, Turner asserts that he was denied parole solely on the basis of the fact that he is black and his victim was white. The district court entered summary judgment in favor of the defendants on both the due process and equal protection claims. This appeal followed.
 
 II.
 
 6
 We review the district court's grant of summary judgment de novo. Town of South Whitley v. Cincinnati Ins. Co., 921 F.2d 104 (7th Cir.1990). Summary judgment is properly granted only when there is no genuine issue for trial and the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. Id. at 323. The non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 
 7
 The gist of Turner's due process argument is that the Board did not adequately state the reasons for the denial of parole and that it placed undue emphasis on the severity of the offense for which he was convicted in denying parole rather than stating the true rationale for its decision. Turner maintains that the Board improperly relied on the boilerplate language that release would deprecate that seriousness of the offense or promote disrespect for the law in denying parole. In Walker v. Prisoner Review Bd., 694 F.2d 499, 502 (7th Cir.1982), this court concluded that no further articulation, beyond that statement, of the reason for denying parole was required to satisfy the requirements of due process where the Board's rationale was apparent under the circumstances. The Walker court noted that due process does not require that the Board specify the particular evidence upon which it based its decision. Id. at 503 (citing Greenholtz v. Nebraska Penal and Correctional Complex, 442 U.S. 1, 15, 99 S.Ct. 2100, 2107 (1979)). Similarly, in United States ex rel. Richerson v. Wolff, 525 F.2d 797, 804 (7th Cir.1976), this court determined that to satisfy due process requirements a statement of reasons for denying parole "should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all."
 
 
 8
 A review of the rationale given by the Board for its decisions to deny parole indicates that the Board complied with minimum due process requirements. The Board considered the appropriate factors in evaluating Turner's eligibility for parole, namely, the nature and severity of his offense, his institutional adjustment, his lack of prior criminal history, and his release plans. The Board was forthright in its acknowledgement that its reservations rested on the specific details of his crime and the length of his sentence. The record does not indicate that the Board placed undue emphasis on the severity of his crime to the exclusion of considering mitigating factors weighing in favor of release. To the contrary, a review of the Board's decisions reveals that it considered the relevant factors and circumstances and determined that parole was not warranted. That is all that the due process clause requires in this instance.
 
 
 9
 Turner also alleges an equal protection violation in the denial of parole, arguing that he was denied parole because he is black and his victim was white. In order to prevail on his equal protection claim, Turner must demonstrate purposeful discrimination. He has not done so in this instance.
 
 
 10
 When the defendants filed their motion for summary judgment they included affidavits from the members of the Board, indicating that the race of the victim was not considered in making the parole determination. In addition, the defendants submitted a computer list of the inmates who were paroled in the period at issue in this case. The defendants noted that the majority of the parolees were black. They argued that despite the fact that the list did not indicate the race of the victim, some of the victims were undoubtedly white, thus, the list provided some indication that inmates who committed "black on white" crimes were not unfairly denied parole.
 
 
 11
 In addition, Turner admitted in a joint statement of uncontested facts, filed in the district court, that the record was devoid of evidence indicating that he was denied parole because of the race of his victim. In his reply brief on appeal, Turner asserts that he did not agree to the stipulation and that he filed a motion to strike the stipulated facts in the district court. Turner includes a copy of the motion to strike in the appendix to his reply brief, however, there is no indication that the motion was filed in the district court. It does not appear on the district court docket sheet and the court does not acknowledge receipt of the motion. Even if we did not consider the stipulation, however, Turner has not shown that a genuine issue of material fact exists for trial in his equal protection claim. While we would agree with the district court's observation that the defendants' evidence refuting the equal protection claim was slim, we note that Turner failed to come forward with evidence in support of his claim as is required under Liberty Lobby. Instead, in his response to the motion for summary judgment, Turner states that if the statistics were developed, they would indicate that no black inmate with a white victim has been paroled. There is no corresponding assertion that more time is required to conduct discovery and to perform the statistical analysis. To stave off a summary judgment, Turner could not simply rest on his pleadings and assert that if the statistics were presented they would support his equal protection claim. He either had to present that evidence or, at the very least, explain his failure to do so. Turner did not set forth specific facts creating a genuine issue of fact for trial in this instance. Thus, the district court properly entered summary judgment on the equal protection claim.
 
 
 12
 For all of the foregoing reasons, the decision of the district court is hereby
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record